## N. A. C. Ethridge et al. *v.* G. H. Milling, Sheriff, et al.

The Sheriff cannot be held to show the validity of a judgment which he has been commanded to execute, and to satisfy with moneys that may come into his hands. It is his duty to pay the proceeds of his sales over to the seizing creditors, shown to be entitled to them by *the certificate of mortgages* and *by the writs of fieri facias in his hands*. And if concurrent seizing creditors intend to contest each other's right, or mortgage, or privilege, they must do so contradictorily with each other, whilst the proceeds remain with the Sheriff, and cannot afterwards hold him responsible for the payment of such proceeds to the parties shown by the writs and certificate of mortgages to have been entitled to the same. The creditor's remedy is by third opposition, or action of nullity, to avoid the judgment recognizing the mortgage or privilege, and ordering it to be enforced against the debtor's property. Where a Sheriff, after having satisfied all the prior mortgages, pays over the entire balance of the proceeds of the sale, to one of several seizing creditors whose mortgages are concurrent, he is responsible to the others, for the amount, or *pro rata* of the proceeds, to which they were entitled at the time of the sale and distribution.

APPEAL from the District Court of the Parish of Ouachita, *Richardson*, J.
*W. J. Q. Baker*, for plaintiffs, and for *Poston*, appellant. *McGuire & Ray*, for defendants.

Land, J. A rule was taken in this case by certain judgment creditors of one *B. W. Evans*, on the Sheriff, to show cause why he should not pay the amount of their executions, with twenty per cent., per annum, interest, out of the proceeds of the sale of certain lands which had been sold by him, under seizures made by the plaintiffs, and other creditors, of the judgment debtor.

It appears that the entire property of the judgment debtor, had been sold by the Sheriff, and that the proceeds were insufficient to satisfy all the judgments, under which seizures had been made ; and that the Sheriff distributed the proceeds (with the exception of two certain sums retained to abide the event of two certain suits,) among the creditors acccording to the rank and priority of their mortgages, with the exception of the judicial mortgage in favor of *A. C. & A. B. Beech*, who have joined as plaintiffs in the rule in this case.

It is contended, that the Sheriff should not have paid a certain judgment in favor of *Oakey, Hawkins & Co.*, founded on a promissory note, secured by special mortgage, anterior in date to the judicial mortgages of plaintiffs in the rule, because the judgment was obtained, and the writ of execution was issued, and placed in the hands of the Sheriff, *after their seizures had been made*, and, because, the judgment itself was by confession, and its validity was subject to be questioned, so far as it recognized a special mortgage on the land sold ; and that as the Sheriff paid the judgment, without an order of court, he is bound to show its validity, as against the seizing creditors, or to pay the amount of their judgments. We do not think these positions tenable. The judgment was valid and conclusive between the parties, and the Sheriff was bound to execute it in pursuance of the command of the writ, and to pay the proceeds of the sale over to the plaintiffs in execution, as creditors holding a superior mortgage on the property seized and sold. The Sheriff cannot be held to show the validity of a judgment which he has been commanded to execute, and to satisfy with moneys that may come into his hands. It is his duty to pay the proceeds of his sales over to the seizing creditors shown to be entitled to them, by *the certificate of mortgages*, and *by the writs of fieri facias in his hands* ; and if concurrent seizing creditors intend to contest each other's right of mortgage, or privilege, they must do so contradictorily with each

65

ETHRIDGE
v.
MILLING

other, whilst the proceeds remain with the Sheriff, and cannot afterwards hold him responsible for the payment of such proceeds to the parties shown by the writs and certificate of mortgages to have been entitled to the same. The creditors remedy is by third opposition, or action of nullity to avoid the judgment recognizing the mortgage or privilege, and ordering it, to be enforced against the debtors property.

As the Sheriff is not bound to show or maintain the validity of the judgment in favor of *Oakey, Hawkins & Co.*, it is unnecessary to consider the other questions elaborately argued in the case.

Whether *Oakey, Hawkins & Co.* were the owners of the judgment rendered in their favor, at the time of the sale, or of the distribution of the proceeds, is a question in which the plaintiffs in the rule do not appear to have any interest.

The judgment of the lower court, discharged the rule as to all the plaintiffs, except *A. C. & A. B. Beech*, whose mortgage was shown by the certificate of mortgages, to be concurrent with that of *C. D. Elliott*, to whom the sheriff paid over the *whole* balance of the proceeds, after satisfying the prior mortgages—and is correct. The Sheriff is responsible to these creditors, *A. C. & A. B. Beech*, for the amount, or *pro rata* of the proceeds, to which they were, as seizing and mortgage creditors, entitled, at the time of the sale and distribution. This right is recognized and enforced by the judgment of the lower court.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.